REQUESTED BY: Dear Senator:
In connection with the School Foundation and Equalization Act you have inquired if the qualifying mill levy in the equalization formula is constitutional. You state that LB 33 of the Eighty-Fifth Legislature, First Session (1977), is on the floor of the Legislature and therefore you request an expedited reply.
Subject to certain conditions, school districts are entitled to several basic grants under the School Foundation and Equalization Act, including incentive, foundation, and equalization. Each basic grant is based upon different criteria and each is designed to serve a specific purpose. As a condition precedent to an equalization grant, school districts are required to levy, in the manner prescribed by law, a tax of a stated number of mills on the valuation of all taxable property within the district for the preceding year. Neb.Rev.Stat. § 79-1335 (Reissue 1971); Section 3 of LB 33, supra. The computation of an equalization grant takes into account the number of students and the grades in which they are enrolled plus the number of students in certain special programs (if offered) plus population density of the county plus the number of students eligible to be transported by bus less certain stated operating funds. The formula, in statutes, may be stated as follows:
 "The qualifying mill levy in 79-1335 is a condition precedent. If properly levied, the equalization grant is computed by adding 79-1336 plus 79-1333.01 (if applicable) plus 79-1337 less 79-1338. The difference, if any, is the equalization grant, assuming the act is fully funded."
Thus, the equalization grant tends to equalize property taxes between school districts. It also takes into account the financial strength of local school districts.
In McInnis v. Shapiro, 293 F. Supp. 327 (N.D. Ill. 1968), aff'd. per curiam sub nom McInnis v. Ogilvie,394 U.S. 322 (1969), the court stated:
 "There is no constitutional requirement that public school expenditures be made only on the basis of pupils' educational needs without regard to the financial strength of local school districts. Nor does the Constitution establish the rigid guidelines of equal dollar expenditures for each student."
It is therefore clear that the qualifying mill levy in the School Foundation and Equalization Act bears a rational relationship to a legitimate state purpose. Consequently, we are of the opinion that it is not unconstitutional per se.